[Civ. No. 30278.   Second Dist., Div. Four.   May 5, 1967.]

HIGHWAY TRAILER OF CALIFORNIA, INC., Plaintiff and Appellant, v. CHARLES W. FRANKEL, Defendant and Respondent.

Tredway & Brandmeyer and Harold T. Tredway for Plaintiff and Appellant.

Alfred D. Freis for Defendant and Respondent.

BISHOP, J. pro tem.*—Two questions have to be answered on this appeal taken by plaintiff from a judgment "that plaintiff take nothing." That which plaintiff tried to take was a judgment for the unpaid balance of two conditional sales contracts, in each of which it was recited that there was a cash down payment to seller of $700, whereas the "cash"

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

consisted of three checks that had been given in the transaction by which the two sales were made and handled. Two of the checks were for $200 each, and the third for $1,000. One of the $200 checks was post-dated. The questions that had to be answered are these: (a) Did the checks constitute two cash payments of $700? (b) If they did not, did that fact render the contracts so invalid that the plaintiff may not recover them? We are of the opinion that the trial court correctly gave a negative answer to the first question and an affirmative answer to the second, and so we are affirming the judgment.

We quote, with our emphasis, some of the terms of section 2982 of the Civil Code as they were in February of 1961: "(a) Every conditional sale contract for the sale of a motor vehicle, with or without accessories, shall be in writing, and . . . shall contain all of the agreements between the buyer and the seller relating to the personal property described therein. It shall be signed by the buyer or his authorized representative and by the seller or its authorized representative, and when so executed an exact copy thereof shall be delivered by the seller to the buyer at the time of its execution. It shall recite the following separate items as such, in the following order:

"1. The cash price of the personal property described in the conditional sale contract.

"2. The amount of the buyer's down payment, and whether made *in cash* or represented by the net agreed value of described property traded in, or both, together with a statement of the respective amounts credited for *cash* and for such property. . . ."

Subdivision (f) of section 2981 Civil Code defined "down payment" this way: " 'Down payment' shall mean that part of the cash price which the buyer pays or agrees to pay to the seller in *cash* or property value or money's worth *at or prior to delivery* by the seller to the buyer of the personal property described in the conditional sale contract."

In February of 1961, the plaintiff and defendant Frankel entered into two conditional sales contracts, one covering the sale by the plaintiff to the defendant of an Aeroliner Trailer, the other covering a Trailmobile Trailer. In each contract appears the statement, "2. Down payment cash to seller . . . $700." These contracts were only partially performed by the defendant and this action was brought to recover the sums still due after repossession.

In his answer to the second amended complaint, by way of a third and separate defense, the defendant alleged: "That with respect to the documents described in the . . . Complaint the provisions of 2982 of the Civil Code . . . were not complied with." In its findings of fact the trial court says, with reference to one of the conditional sale contracts, that it "reflects a down payment of $700.00 paid in cash," and states that the other "describes . . . a down payment cash to the seller of $700.00." Then the findings become a bit more specific: "4. The total down payments made toward the purchase of said vehicles are evidenced by three checks, defendant's Exhibits 'A', 'B' and 'C' in evidence, defendant's Exhibit 'A' being a check dated February 22, 1961 in the amount of $200.00, defendant's Exhibit 'B' being a check dated February 24, 1961 in the amount of $1,000.00 and defendant's Exhibit 'C' being a check dated February 25, 1961 in the amount of $200.00." Then the 'finding" continues, with this mixed finding of fact and conclusion of law: "That the said checks were not cash and plaintiff's Exhibits 1 and 2 did not truly and accurately describe the down payment and said plaintiff's Exhibits 1 and 2 did not comply with Section 2982 of the Civil Code of California and that plaintiff is not entitled to enforce any of the terms of either plaintiff's Exhibit 1 or Exhibit 2 as contracts." The two conditional sale contracts were entered into by the parties on February 24, 1961.

With these facts before us we find the case of *Bratta* v. *Caruso Car Co.* (1958) 166 Cal.App.2d 661 [333 P.2d 807] very much in point. There, the "down payment: cash $300.00" turned out to be, in fact, a promissory note for the amount stated, given with the understanding that the purchaser would borrow enough elsewhere to pay the note. The purchaser found it impossible to secure a loan as anticipated, so brought an action to rescind his contract of purchase. In demonstrating that a promissory note was not "cash" as that term is used in section 2982, it is made plain that post-dated checks are not either. "There is nothing to suggest," the court says "that the word 'cash' in the statute is used in any other than its usually understood meaning of money," citing cases and quoting from one: " 'Cash is "current money in hand or readily available." ' [Citation.] . . . ' "Cash" means especially "ready money" at command, subject to free disposal; not tied up in a fixed state. It is almost the equiva-

lent of "loose money." ' Bouvier's Law Dictionary, Rawles' 3d edition, defines 'cash' as 'That which circulates as money, including bank bills but not mere bills receivable.' "

We need not belabor this point further. Assuming, without deciding, that a currently dated check, drawn on an account having sufficient funds to pay it, is "cash" within the meaning and intent of section 2982, certainly a post-dated check is not "cash" within that meaning and intent, being no better than any other promise to pay in the future. Since the $200 check dated February 25, 1961 (and not actually cashed until March 1, 1961) was, so far as this record discloses, applied to the two contracts without separate allocation, it follows that the statement in each contract that the down payment was $700 in cash was incorrect and that contracts so phrased violated section 2982.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.